# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 22-0112V

| | |
|---|---|
| MARIJANE ANGELS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: February 7, 2025 |

*W. Anthony Stevens, Jr.*, Law Offices of Louis W. Flynn, Jr. and Associates, LLC, East Windsor, CT, for Petitioner.

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On February 3, 2022, Marijane Angels filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration, a defined Table injury, or in the alternative a causation-in-fact-injury, after receiving an influenza vaccine on February 8, 2019. Petition, ECF No. 1. On February 28,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 41.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $18,252.31 (representing $16,273.40 in fees, plus $1,978.91 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 4, 2024, ECF No. 48. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 48 at 2.

Respondent reacted to the motion on October 15, 2024, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 1-4, ECF No. 52. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner has requested that I endorse the following hourly rates for her attorney W. Anthony Stevens: $414.00 for 2021; $427.00 for 2022; $495.00 for 2023; and $523.00 for 2024.

Mr. Stevens has been a licensed attorney since 1992, placing him in the range of attorneys with 29+ years of experience based on the OSM Attorneys' Forum Hourly Rate Schedule.[3] Although Mr. Stevens was counsel in two previous Vaccine Program cases, no hourly rates for his time have been established to date.

Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, I find the requested rates reasonable and hereby award them herein.

*B. Paralegal Tasks Billed at Attorney Rates*

Some of the tasks performed by Mr. Stevens in this matter should have been billed using a paralegal rate.[4] In the Vaccine Program, "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). Rather, "the rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reasonable, they must

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] Billing entries considered paralegal in nature include drafting requests for medical records; compiling or preparing exhibits; drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statement of completion, cover sheet, joint notices not to seek review, and following up with medical records providers. See billing entries dated: 1/28/22; 2/3/22; 5/12/22; 8/8/22; 9/6/22 (two entries); 12/14/22; 2/17/23; 2/21/23; 3/31/23; 6/27/23; 9/7/23; 5/1/24; 9/30/24. ECF No. 48.

be charged at a reduced rate comparable to that of a paralegal.

**Accordingly, I reduce Attorney Steven's hourly rate for all tasks considered paralegal in nature to a rate of $172.00 per hour.** Application of the foregoing reduces the amount of fees to be awarded by **$1,443.20**.[5] (I accept all other time billed to the matter as reasonable).

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 48 at 9-20. And Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $16,809.11 (representing $14,830.20 in fees, plus $1,978.91 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] This amount consists of ($427 - $172 = $255 x 3.60 hrs.) + ($495 - $172 = $323 x 1.30 hrs.) + ($523 - $172 = $351 x 0.30 hrs.) = $1,443.20.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.